**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**LOUIS P. CANNON,** *et al.*

                **Plaintiffs**

**v.**

**DISTRICT OF COLUMBIA**

                **Defendant**

**Case Number**
**1:12-cv-00133**

**Judge Ellen S. Huvelle**

---

**FIRST SUPPLEMENTAL COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(d), the Plaintiffs hereby set out

such transactions, occurrences and events that happened after the Plaintiffs' initial

Complaint filed on January 26, 2012.  ECF Docket # 1.

All allegations contained within the First Amended Complaint, ECF Docket # 10,

are referenced and incorporated as if fully repeated herein.

**STATEMENT OF FACTS**

1.      On January 26, 2012, the Plaintiff Louis Cannon, together with the other

named Plaintiffs, filed this civil action with the Court.  The Plaintiffs together moved for

a Temporary Restraining Order and a Preliminary Injunction.  ECF Docket # 1-3.

2.      The matters complained of within the Plaintiffs' Complaint are

indisputably a matter of public concern.  *See LeFande v. District of Columbia*, 613 F.3d

1155, 1161 (D.C. Cir. 2010).

3.      On that date, this Court set the matter for a hearing and directed the

Defendant to respond to the Plaintiffs' Motion for a Temporary Restraining Order.

4.      A hearing was held on January 31, 2012 before this Court with appearances by all of the named Plaintiffs and attorneys for the Defendants.

5.      These events were reported in the Washington City Paper on February 3, 2012.  "Police Chief Sues District Over Double Dipping", WASHINGTON CITY PAPER, February 3, 2012.   http://www.washingtoncitypaper.com/blogs/looselips/2012/02/03/police-chief-sues-district-over-douple-dipping/ (accessed February 10, 2012).

6.      On February 8, 2012, the Plaintiffs filed their First Amended Complaint in accordance with the Court's Scheduling Order of January 31, 2012.  ECF Docket # 10.

7.      On that date, nearly simultaneous to the filing of the Amended Complaint, Plaintiff Cannon was summary terminated from his position with the District of Columbia.

8.      Such termination was without any prior notice.

9.      Plaintiff Cannon had no history of any disciplinary action during his four years in his present position with the District of Columbia as the Chief of Police of the Protective Services Police Department.

10.      The stated cause for Plaintiff Cannon's termination was entirely pretextual.  The stated cause was patently frivolous, insufficient and solely intended to shield the Defendant from the allegations of retaliation as stated herein.

11.      On February 10, 2012, all employees of the Protective Services Police Department, except for the named Plaintiffs, received their direct deposit salary payments for the pay period January 16-28, 2012 from the Defendant.

12.      None of the Plaintiffs have received <u>any</u> payment for the same pay period.

**COUNT IX**

**Deprivation of First Amendment Rights I**

13.     The allegations set forth in Paragraphs 1 through 12 above are referenced and incorporated as if fully repeated herein.

14.     The Defendant terminated Plaintiff Cannon without any legitimate cause one week after a hearing on the Plaintiffs' Motions for emergency injunctive relief and simultaneous to the scheduled filing of the Plaintiffs' First Amended Complaint.

15.     Such termination was made in retaliation for filing and prosecuting a civil complaint against the District of Columbia.

16.     Such termination was to intimidate the Plaintiffs and the members of the proposed Plaintiff Class, and to interfere with the Plaintiffs' prosecution of their claims before this Court.

17.     Such conduct unlawfully denied the Plaintiffs and the members of the proposed Plaintiff Class the right to seek redress of grievances against the District of Columbia government through the Courts, as afforded by the First Amendment of the United States Constitution.

18.     Such conduct was, or was the direct and proximate result of, an official policy of the Defendant.

**COUNT X**

**Deprivation of First Amendment Rights II**

19.     The allegations set forth in Paragraphs 1 through 18 above are referenced and incorporated as if fully repeated herein.

20.     The Defendant has now withheld payment of the entirety of the pay of the named Plaintiffs without lawful cause.

21.     Such withholding of the pay was made in retaliation for filing and prosecuting a civil complaint against the District of Columbia.

22.     Such withholding of the pay was to intimidate the Plaintiffs and the members of the proposed Plaintiff Class, and to interfere with the Plaintiffs' prosecution of their claims before this Court.

23.     Such conduct unlawfully denied the Plaintiffs and the members of the proposed Plaintiff Class the right to seek redress of grievances against the District of Columbia government through the Courts, as afforded by the First Amendment of the United States Constitution.

24.     Such conduct was, or was the direct and proximate result of, an official policy of the Defendant.

**COUNT XI**

**Defamation**

25.     The allegations set forth in Paragraphs 1 through 24 above are referenced and incorporated as if fully repeated herein.

26.     By terminating Plaintiff Cannon from his position as Chief of Police of the Protective Services Police Department under the color of authority of the District of Columbia government, the Defendant implied that such termination is proper and for cause.

27.     Such acts violate District of Columbia and Federal law and any implication that such acts are proper are false.

28.     By reporting the termination to the press, and incorporating the termination into Plaintiff Cannon's personnel jacket, the Defendant communicates information known to be false to future readers.

29.     By issuing the termination in violation of District of Columbia and Federal law, the Defendant acted outside the scope of any immunity afforded to it under applicable law.

30.     Such communication will inevitably cause Plaintiff Cannon injury to his reputation and professional standing.

31.     Such conduct was, or was the direct and proximate result of, an official policy of the Defendant.


## COUNT XII

### Violation of the District of Columbia Whistleblower Protection Act I

32.     The allegations set forth in Paragraphs 1 through 31 above are referenced and incorporated as if fully repeated herein.

33.     Each of the named Plaintiffs and the members of the proposed Plaintiff Class are protected employees as defined by D.C. Code § 1-615.52(a)(3).

34.     The actual termination of Plaintiff Cannon from his position as Chief of Police of the Protective Services Police Department is a personnel action as defined by D.C. Code § 1-615.52(a)(5)(A) and a prohibited personnel action for the reasons set forth herein.

35.     The filing and prosecution of this lawsuit is a protected disclosure as defined by D.C. Code § 1-615.52(a)(6) as such lawsuit is a disclosure of what the Plaintiffs assert reasonably evidence abuse of authority in connection with the administration of a public program, of violations of federal and District of Columbia law, and violations of terms of contracts between the District of Columbia government and the Plaintiffs.

36.     This Court is a public body as defined by D.C. Code § 1-615.52(a)(7)(B), a federal judiciary.

37.     The Defendant, by the Plaintiffs' supervisor(s), as that term is defined by D.C. Code § 1-615.52 (a)(9), has taken a prohibited personnel action and otherwise retaliated against Plaintiff Cannon for his protected disclosures contained within this lawsuit.

38.     By implication, the Defendant, by the Plaintiffs' supervisor(s), as that term is defined by D.C. Code § 1-615.52(a)(9), has threatened to take a prohibited personnel action and otherwise retaliate against the other Plaintiffs for the Plaintiffs' protected disclosures contained within this lawsuit.

39.     Such prohibited personnel action, threats of further prohibited personnel actions and other such retaliation violates D.C. Code § 1-615.53(a).

40.     Such conduct was, or was the direct and proximate result of, an official policy of the Defendant.

41.     As provided by D.C. Code § 1-615.54(a)(1)(A), the Plaintiffs demand an injunction against the Defendant's termination of Plaintiff Cannon.

42.     As provided by D.C. Code § 1-615.54(a)(1)(B), the Plaintiffs demand the reinstatement of Plaintiff Cannon to the same position held before the prohibited personnel action.

43.     As provided by D.C. Code § 1-615.54(a)(1)(C), the Plaintiffs demand a reinstatement of Plaintiff Cannon's seniority rights.

44.     As provided by D.C. Code § 1-615.54(a)(1)(D), the Plaintiffs demand the restoration of Plaintiff Cannon's lost benefits.

45.     As provided by D.C. Code § 1-615.54(a)(1)(E), the Plaintiffs demand Plaintiff Cannon be paid his back pay and interest on such back pay.

46.     As provided by D.C. Code § 1-615.54(a)(1)(F), the Plaintiffs demand compensatory damages.

47.     As provided by D.C. Code § 1-615.54(a)(1)(G), the Plaintiffs demand reasonable costs and attorney's fees.

48.     By filing of this civil action, District of Columbia law precludes the Plaintiffs from pursuing any administrative remedy for the same cause of action.  D.C. CODE § 1-615.56(a).


**COUNT XIII**

**Violation of the District of Columbia Whistleblower Protection Act II**

49.     The allegations set forth in Paragraphs 1 through 48 above are referenced and incorporated as if fully repeated herein.

50.     The withholding of the pay of the named Plaintiffs without lawful cause, while paying all other employees in the same agency, is a personnel action as defined by

D.C. Code § 1-615.52(a)(5)(A) and a prohibited personnel action for the reasons set forth herein.

51.     The Defendant, by the Plaintiffs' supervisor(s), as that term is defined by D.C. Code § 1-615.52(a)(9), has taken a prohibited personnel action and otherwise retaliated against the Plaintiffs' protected disclosures contained within this lawsuit.

52.     Such prohibited personnel action and other such retaliation violates D.C. Code § 1-615.53(a).

53.     Such conduct was, or was the direct and proximate result of, an official policy of the Defendant.

54.     As provided by D.C. Code § 1-615.54(a)(1)(A), the Plaintiffs demand an injunction against the Defendant's withholding of the entirety of their pay without lawful cause.

55.     As provided by D.C. Code § 1-615.54(a)(1)(E), the Plaintiffs demand they be paid their back pay and interest on such back pay.

56.     As provided by D.C. Code § 1-615.54(a)(1)(F), the Plaintiffs demand compensatory damages.

57.     As provided by D.C. Code § 1-615.54(a)(1)(G), the Plaintiffs demand reasonable costs and attorney's fees.

### Request for Further Declaratory and Injunctive Relief

58.     The allegations set forth in Paragraphs 1 through 57 above are referenced and incorporated as if fully repeated herein.

59.     The Plaintiffs are entitled to additional declaratory relief under 28 U.S.C. § 2201(a), wherein the Plaintiffs ask this Court to declare the termination of Plaintiff Cannon to be illegal.

60.     The Plaintiffs ask this Court to order Plaintiff Cannon's immediate return to duty as Chief of Police of the Protective Services Police Department to mitigate the harmful and chilling effect of the Defendant's unlawful actions.

61.     The Plaintiffs are entitled to additional declaratory relief under 28 U.S.C. § 2201(a), wherein the Plaintiffs ask this Court to declare the withholding of their pay in retaliation for their prosecution of this lawsuit to be illegal.

62.     The Plaintiffs ask this Court to order the return of their pay to mitigate the harmful and chilling effect of the Defendant's unlawful actions.

**WHEREFORE**, the Plaintiffs request such relief as sought within the First Amended Complaint and such additional monetary damages for the further injuries described herein, according to proof under applicable law.

Respectfully submitted, this tenth day of February, 2012.

_____
Matthew August LeFande
Attorney at Law PLLC
4585 North 25th Road
Arlington VA 22207
Tel: (202) 657-5800
Fax: (202)318-8019
email: matt@lefande.com
Attorney for the Plaintiffs
DC Bar #475995